UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) NO. 2:05-CV-143 PS |
| DAVID LASCO, LAX, INC., d/b/a | ) |
| DOUBLE TREE LAKE ESTATES, | ) |
| JOHN C. METRO and PATRICIA | ) |
| METRO, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is Plaintiff Allstate Insurance Company's Motion for Default Judgment against Defendants John C. Metro and Patricia Metro. [DE 20] In this declaratory action, Plaintiff alleges that it has no duty to defend or indemnify Defendants John C. Metro and Patricia Metro regarding certain lawsuits brought against them. Because John and Patricia Metro have failed to appear, plead or otherwise defend as required by the Federal Rules of Civil Procedure, Plaintiff's Motion for Default Judgment against the Metros is GRANTED.

**BACKGROUND**

Plaintiff Allstate issued two insurance policies to Defendants John and Patricia Metro: a homeowner's insurance policy and a personal umbrella policy. (Compl. ¶ 9.) Both policies provided that Allstate would be responsible for certain damages for which Mr. or Mrs. Metro might be liable arising out of "bodily injury," "personal injury," or "property damage." (Compl. ¶¶ 18-23.) Both policies, however, excluded from coverage any damages as a result of

occurrences arising out of the insured's business or business property, as well as any damages resulting from the insured's criminal act or omission. (Compl. ¶¶ 18-23.)

Defendant John Metro has an ownership interest in two excavating companies, J. Metro Excavating, Inc. and Metro Excavating Corporation. (Compl. ¶¶ 7, 8.) In April 1998, Lax, Inc. and J. Metro Excavating, Inc., entered into a contract. (Compl. ¶ 10.) A dispute arose over the contract, and Lax, Inc. filed suit against J. Metro Excavating in Lake County Circuit Court (the "First Lawsuit"). (Compl. ¶ 11.) In October 2004, Lax, Inc. d/b/a Tree Lake Estates and David Lasco filed a separate lawsuit in Lake County Circuit Court against defendants J. Metro Excavating, Inc., Metro Excavating Corporation, John S. Metro, John C. Metro, Rosalyn E. Metro and James E. Metro (the "Second Lawsuit"). (Compl. ¶ 12.) In the Second Lawsuit, the plaintiffs alleged that the defendants, including John C. Metro, defrauded the plaintiffs, violated Indiana's racketeering statute, and violated Indiana's Bulk Sales Act. (Compl. ¶ 13.)

Here, Plaintiff Allstate seeks a declaratory judgment that it owes no coverage to the Metros regarding any claims that might arise out of the First and Second Lawsuits. Allstate submits that both claims fall within the "business" exclusion of the policies, and that neither suit involves "property damage," "personal injury," or "bodily injury" as defined by the policies. In addition, Allstate asserts that certain claims made against John C. Metro are alleged to involve intentional or criminal activity, and, therefore, any damages flowing from this are excluded from coverage.

On April 18, 2005, Plaintiff filed suit in this Court. Each Defendant, including John and Patricia Metro, was properly served on April 20, 2005. Allstate filed an executed Return of Service for each defendant on April 25, 2005. [DE 5, 6, 7, & 8] All Defendants except John and

Patricia Metro appeared by counsel on May 10, 2005.  [DE 9]  John and Patricia Metro have never appeared in this case.  In addition, all parties except John and Patricia Metro consented to have the case heard by Magistrate Judge Andrew P. Rodovich pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule 72.1(h).  Thus, the claims against John and Patricia Metro were severed from the claims against the other Defendants.  On September 2, 2005, the claims against the other Defendants were reassigned to Magistrate Judge Rodovich, while the claims against John and Patricia Metro remained before the District Court.  [DE 17]

Defendants John and Patricia Metro failed to answer, appear, plead or otherwise defend as provided by Federal Rule of Civil Procedure 12(a).  Consequently, the Clerk entered a default against them on September 16, 2005.  On September 19, 2005, Plaintiff filed a Motion for Default Judgment against John and Patricia Metro.  [DE 20]  In support of its motion, Plaintiff verified that "[t]o the best of Plaintiff's knowledge, John C. Metro and Patricia Metro are not in the military service, are not incompetent and are not infants."  [DE 20 at ¶ 6]

## **DISCUSSION**

Federal Rule of Civil Procedure 55(b) governs default judgments.  A party entitled to default judgment shall apply to the Court for such a judgment, but no default judgment may be entered against an infant or incompetent person unless that person is adequately represented.  Fed. R. Civ. P. 55(b)(2).  As a threshold matter, the Court accepts Plaintiff's representation that neither John nor Patricia Metro are incompetent, infants, or currently engaged in military service.

The Court must exercise sound judicial discretion in entering default.  *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993).  A court may look to a number of factors when deciding a motion for default judgment, including the amount of money potentially

3

involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established.  10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 3d*  § 2685 (1998).

Applying these factors, the Court finds that a default judgment against John and Patricia Metro is warranted.  With respect to these Defendants, no material issues of fact are at issue and the grounds for default are clearly established.  In addition, the default goes beyond a mere technicality.  John and Patricia Metro have not filed any responsive pleading despite being served more than ten months ago.  A defendant cannot be allowed to completely ignore a lawsuit against him.  "A trial court is entitled to say, under proper circumstances, that enough is enough."  *In re Pyramid Energy, Ltd. v. Heyl & Patterson, Inc*., 869 F.2d 1058, 1062 (7th Cir.1989).  Furthermore, Allstate does not seek damages from the Metros but merely a declaratory judgment regarding insurance policies issued to the Metros.  A weighing of these factors strongly favors the entry of default judgment against John and Patricia Metro.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Default Judgment against Defendants John C. Metro and Patricia Metro [Doc. 20] is **GRANTED.**  The Court orders, with respect to Defendants John and Patricia Metro, that:

1. Allstate Insurance Company owes no coverage under policy No. 002575267 regarding any past, present or future claims of Lax, Inc. d/b/a Double Tree Lake Estates or David Lasco against John C. Metro arising out of the incidents referred to herein and/or the First Lawsuit and Second Lawsuit, including judgment rendered therein.

2. Allstate Insurance Company owes no coverage under policy No. PUP 911036527 regarding any past, present or future claims of Lax, Inc. d/b/a Double Tree Lake Estates

or David Lasco against John C. Metro arising out of the incidents referred to herein and/or the First Lawsuit and Second Lawsuit, including judgment rendered therein.

3. Allstate Insurance Company owes no duty to defend John C. Metro under policy No. 002575267 regarding any claims or lawsuits brought by Lax, Inc. d/b/a Double Tree Lake Estates or David Lasco against John C. Metro arising out of the incidents referred to herein and/or the First Lawsuit and Second Lawsuit.

4. Allstate Insurance Company owes no duty to defend John C. Metro under policy No. PUP 911036527 regarding any claims or lawsuits brought by Lax, Inc. d/b/a Double Tree Lake Estates or David Lasco against John C. Metro arising out of the incidents referred to herein and/or the First Lawsuit and Second Lawsuit.

5. Allstate Insurance Company has no duty or obligation under policy No. 002575267 to indemnify John C. Metro and/or Patricia Metro nor make any payment toward any settlement or judgement rendered against John C. Metro and/or Patricia Metro arising out of the incidents referred to herein and/or the First Lawsuit or Second Lawsuit.

6. Allstate Insurance Company has no duty or obligation under policy No. PUP 911036527 to indemnify John C. Metro and/or Patricia Metro nor make any payment toward any settlement or judgement rendered against John C. Metro and/or Patricia Metro arising out of the incidents referred to herein and/or the First Lawsuit or Second Lawsuit.

This Court further finds that there is no just cause for delay, and pursuant to Fed. R. Civ. P. 54(b), enters final judgment in favor of Plaintiff Allstate Insurance Company and against Defendants John C. Metro and Patricia Metro, as set forth above. The Clerk is directed to treat this matter as **TERMINATED** as to Defendants John C. Metro and Patricia Metro. This default judgment applies exclusively against Defendants John C. and Patricia Metro and shall have no effect upon Plaintiff's claims against the other Defendants.

**SO ORDERED.**

ENTERED: February 28, 2006

> s/ Philip P. Simon
> PHILLIP P. SIMON, JUDGE
> UNITED STATES DISTRICT COURT

5